Johnson, J.
"We find it unnecessary to notice but one-of the errors assigned.
Thé plaintiff in error instituted proceedings in the-Hamilton county Probate Court to appropriate land of the defendants in error. The judgment of the probate court was reversed by the court of common pleas. The case> was heard anew in the common pleas, and a judgment rendered there. The present plaintiffs filed a petition im error in the district court, alleging for error that the common pleas had erred in reversing the judgment of the probate court. The district court affirmed the judgment of the common pleas, and the present action seeks the reversal of the judgment of the district court. ■ Hence we are remitted to consider the action of the probate court.
The executors of Longworth offered before the probate court “to prove to the jury that long prior to.the-commencement of these proceedings, and without any knowledge that such proceedings would be commenced,. they caused their tract of land in Dockland, of which the land sought to be appropriated by said company is a part, to be subdivided and laid off'into lots, streets, and alleys, for- *110 the purpose of selling the same, and caused a plat of said subdivision to be made for record, but which had not yet been recorded, and offered to put said plat in evidence to the jury, as tending to show the availability of said property for subdivision into small lots, and its value thus subdivided.” Whereupon, the court ruled that said plat could be offered only to show the location of the property, and the course 'of said railroad through the same, and its availability for subdivision into small lots, but could not be offered for any other purpose, because the same had not been recorded. To which ruling exception was taken.
The probate court ruled: That as the defendants’plat had not been recorded, nor represented a town plat dedicated in pais, it could not be offered in evidence for any purpose upon the issue before the jury, except to show the general location of the property, the course of the proposed railroad through the same, and the availability of the property for subdivision into small lots.
The jury were sworn to justly and impartially assess the amount of compensation -due to the owner by reason of the appropriation of the property, irrespective of any benefit from any proposed benefit by the railroad being so located, and also the damages that may accrue, other than the compensation, by ascertaining how much less valuable the remaining portion of the property will be in consequence of such appropriation. (2 S. & C. 312, 313.)
The issue there involved the question of compensation for the land taken, and the consequential damages to the balance of the tract.
It is claimed, that as this survey and plat, though ready for record, was unrecorded, it was revocable by the owner, and therefore was properly ruled out, except to show the location of the-land out of which the right of way was to be taken, and of the part to be appropriated, and to show its availability for subdivision into lots.
As the logical application of this ruling, the bill shows that the proofs, as to value, were limited to the value per acre, without regard to the subdivision already made.
*111 It appears that the owners had, in good faith and before ■they had any knowledge that an appropriation was sought, subdivided this tract and laid the same off into lots, streets and alleys, for the purpose of selling, and had sold some of the lots.
The value of this tract as thus subdivided, if more valuable in that shape than by the acre, was proper to be -considered by the jury. Although this plat may have never been recorded, it would serve to show the jury that the property had been subdivided by the owner, and if he ■could show that it was more valuable in that form than by ■the acre he should have been permitted to do so.
The issue before the jury required that the amount of damage sustained by the owner by reason of .the appropriation be ascertained.
This involved an inquiry into the actual value of the land sought to be appropriated, irrespective of any benefits, and the diminished value of the remainder of the tract.
In offering testimony on this issue the owner was not limited to any pre-existing use of the land. If it was of little value as a farm, or for common uses, and was of great value as mineral land or as a town site, that fact might be shown, though it had never been so used.
If it was more valuable in the particular mode in which it had been subdivided into lots, that fact might also be shown, and in connection with such proof a diagram or plat of such subdivision was admissible, though unrecorded, not as a town plat, but as a diagram or plan for increasing the value of property in the market.
In The Queen v. Brown, L. R. 2 Q. B. 630, which was a proceeding before a jury to assess compensation and damages for land taken by a railroad, Cockburn, C. J., says: “A jury, whether the dispute be as to the value of land required to be taken by the company, or as compensation for damages by severance, in assessing the amount to which the land owner is entitled, have to consider the real value ■of the land, and may take into account not only the present purpose to which the land is applied, but also any other *112 more beneficial purpose to which, in the course of events, at no remote period, it may be applied, just as an owner might if he were bargaining with a purchaser in the market. That is the mode in which the land should be valued. So in respect of severance; the jury would have to consider how far that prospective value would be depreciated by severance.”
Keeping in mind the general rule applicable to all actions for compensation or damage, that it is the actual, as distinguished from any speculative loss, that must guide the-jury ; we think that any facts calculated to fairly enhance-the value of the property taken, or increase the damage to-the residue of the tract, may be shown by the owner, and, that on the other hand it is equally competent for the railroad company to show the converse for the purpose of reducing the recovery.
This plat was, therefore, admissible, not only to show the-location of the property and the course of the railroad through the same, and its availability for subdivision into-small lots; but also to show that it had been so already subdivided, and as the basis for showing that the property was more valuable in that shape than as an entire tract.
The fact that there had been no binding dedication by the owners would naturally have the effect to lessen the-value of the land as lots in the market. The owner had the right to use and enjoy this property for any lawful purpose. He had the right to put it in that shape for sale if that would make it most valuable to him. Whether what had been done had so increased its value in view of the* fact that there was no binding dedication was a question of fact for the jury.
This subdivision and plat was in the nature of an improvement if it increased the value to which the owner was entitled to the benefit.
If instead of subdividing it into town lots the owners had' subdivided the tract into garden lots or small farms, and fenced the same with reference to such subdivision,. *113 that fact, as well as a diagram of the same, is admissible to-show it is more valuable in that form than as an entirety..
If the tract was of little or no value, except to be subdivided and sold in lots, and was of great value for that' purpose, and the appropriation destroyed its value as a. town plat, it would hardly be claimed that the owner-should, not be compensated for such loss, and should be remitted to its value for purposes for which it was not adapted, or was of little or no value, although no steps were taken to subdivide it.
The judgment of the district court is affirmed and cause-remanded.